## THE CREEK.

## NORTH RIVER BARGE LINE, Inc. v. GRACE LINE, Inc.

### No. A–148–383.

District Court, S. D. New York.
Dec. 13, 1947.

See also 8 F.R.D. 117.

Purdy, Lamb & Catoggio, of New York City (Vincent A. Cattogio, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox & Keating, of New York City (John H. Hanrahan, of New York City, of counsel), for respondent.

RYAN, District Judge.

Libellant moves for an order striking out respondent's answer and in the alternative directing respondent to file and serve a more full and complete answer.

Specific exception is taken to paragraph "Eighth" of the answer, in which respondent "denies that there was any fault, neg-

lect and want of care on the part of the respondent or by persons to whom respondent intrusted the said scow;" and to the further allegation of respondent, that "it denies that it has any knowledge or information sufficient to form a belief as to the other matters alleged" in the "Eighth" paragraph of the libel which reads: "That when the said scow Creek was redelivered by the respondent to libellant the said scow was in a severely damaged condition, which condition was not the result of ordinary wear and tear, but was the result of the fault, neglect and want of care of the respondent or persons to whom it entrusted the said scow."

Respondent's answer creates definite issues of fact and puts in issue:

(1) the negligence of respondent

(2) the quantum of damage to the scow —which it is alleged is over and above the result of ordinary wear and tear.

■ "The purpose of pleading is to create issues of fact to be tried." The Neaco, D.C., 47 F.2d 643, 647. The answer does accomplish just this and complies with the requirements of Admiralty Rule 26, 28 U.S.C.A. following section 723.

The motion to strike out respondent's answer or direct him to file a more full and complete answer is therefore denied.